# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RUSSELL R. WORKMAN,** | ) | |
| | ) | 8:11CV101 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **IRONWORKERS INTERMOUNTAIN** | ) | |
| **HEALTH & WELFARE TRUST FUND,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion to Strike Plaintiff's Jury Demand (Filing No. 13). The defendant filed a brief (Filing No. 15) and an index of evidence (Filing No. 14) in support of the motion. The plaintiff did not file a response.

## BACKGROUND

This case arises from the defendant's denial of the plaintiff's claim for insurance benefits. **See** Filing No. 1-2 Complaint ¶ 5. The plaintiff alleges he purchased a health and welfare insurance policy from the defendant. *Id.* ¶ 3. The policy provided the plaintiff with accident and sickness benefits as well as comprehensive medical coverage. *Id.* On August 11, 2009, the plaintiff sustained injuries due to a fall. *Id.* ¶ 4. Thereafter the plaintiff made claims for coverage under the policy. *Id.* ¶ 5. Such claims were denied by the defendant on March 14, 2010, and June 2, 2010. *Id.*

The plaintiff filed this action on February 9, 2011, in the District Court of Douglas County, Nebraska. **See** Filing No. 1-2 Complaint. The complaint alleges claims for breach of a contract of insurance under Neb. Rev. Stat. § 44-359, *et seq.* (First Cause) and bad faith refusal to pay benefits due (Second Cause). **See** Filing No. 1-2 Complaint. The plaintiff seeks an unstated amount of monetary damages and a reasonable attorney's fee under the state statute. *Id.*

On March 18, 2011, the defendant removed this action to the United States Court for the District of Nebraska. **See** Filing No. 1. The removal was based on federal question under 28 U.S.C. § 1331, because, the defendant asserts, the plaintiff's claims constitute

a civil action under Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq*. *Id.* ¶ 6. In the alternative, the defendant asserts removal is appropriate because the parties are diverse and the amount in controversy should exceed $75,000. *Id.* ¶ 9 (**citing** 28 U.S.C. § 1441(b)). The plaintiff did not contest removal.

On April 29, 2011, the parties filed their joint planning report pursuant to Fed. R. Civ. P. 26(f). **See** Filing No. 9. In the report, the parties agreed that the plaintiff would have ten days to file a jury demand, after which the defendant would have thirty days to file a motion to strike. *Id.* ¶ VIII(C). On May 2, 2011, the court entered an initial progression order allowing the parties to begin discovery, scheduling a telephone planning conference for July 15, 2011, and adopting the stipulations of the parties regarding progression matters. **See** Filing No. 10. On May 3, 2011, the plaintiff filed a demand for jury trial on all claims contained in the complaint. **See** Filing No. 11. On June 2, 2011, the defendant filed the instant motion to strike the jury demand. **See** Filing No. 13. Specifically, the defendant argues the plaintiff's claims, although premised on state law, are preempted by ERISA, under which claims are not eligible for trial to a jury. **See** Filing No. 15 - Brief p. 1, 6.

## ANALYSIS

The defendant's motion to strike was unopposed by the plaintiff and is well supported by the applicable law. There is no jury-trial right available under ERISA. *Langlie v. Onan Corp.*, 192 F.3d 1137, 1141 (8th Cir. 1999). Although the plaintiff did not mention ERISA in his complaint, the plaintiff explicitly seeks review of the defendant's denial of his claims for benefits under an "insurance plan." **See** Filing No. 1-2 Complaint. The parties noted in the planning report that the plaintiff's claims arise under a "written employee benefit plan." **See** Filing No. 9 - Report p. 1-2. There is no apparent dispute that the plan in question is an employee benefit plan providing self-insured health and welfare benefits for covered participants and beneficiaries within the meaning of ERISA, 29 U.S.C. § 1002-(3). **See** Ex. 1-A Restated Plan Document; **see also** Ex. 1 Campbell Decl. ¶ 3. Accordingly, the plaintiff's claims arise under ERISA and his request for a jury trial on all claims shall be stricken. Upon consideration,

**IT IS ORDERED:**

The defendant's Motion to Strike Plaintiff's Jury Demand (Filing No. 13) is granted. The plaintiff's request for jury trial (Filing No. 11) is stricken.

DATED this 21st day of June, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.